**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-2291

TODE BGS NGR BAMBANG WISAGENI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-259-805)
Immigration Judge: Honorable Donald V. Ferlise

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 10, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 28, 2010)

OPINION

PER CURIAM.

Tode Wisageni, a native and citizen of Indonesia, petitions for review of an order

denying his motion to reopen removal proceedings. Respondent has filed a motion for

"summary affirmance," which we will construe as a motion to summarily deny the

petition for review.  See 3d Cir. L.A.R. 24.7 and I.O.P. 10.6.  Because we agree with respondent that Wisageni's petition presents "no substantial question," id., we will grant its motion and deny the petition for review.

I.

Wisageni entered the United States in 2000 on a tourist visa and overstayed.  In 2003, he conceded removability before the Immigration Judge ("IJ") and applied for asylum.  A Hindu of Chinese and Balinese ethnicity, Wisageni claimed to have suffered past persecution in Indonesia on account of his religion and ethnicity.  After a hearing in December 2004, the IJ denied the asylum application as untimely filed, and denied withholding of removal and Convention Against Torture ("CAT") relief.  On April 19, 2006, the Board of Immigration Appeals ("BIA") affirmed.  It agreed that the asylum application was untimely, and it held that Wisageni failed to show a clear probability that his life or freedom would be threatened, or that he more likely than not would be tortured.

On September 14, 2009, Wisageni filed a motion to reopen based on "changed country conditions."  He submitted newspaper articles, a 2008 Religious Freedom Report issued by the State Department, and other materials to argue that bombings in 2009 at two hotels in Jakarta "are evidence of changed country conditions related to a new surge in radical Islam in Indonesia," and that "[t]he increase in religious fundamentalism is a fear that [Wisageni] has of returning to Indonesia."  Motion to Reopen at ¶ 3.  Wisageni attached a new I-589 application, claiming that he fears returning to Indonesia "because now the Indonesian Moslems are more Extreme than before."  A.R. at 86.

2

The BIA denied the motion to reopen. It noted that Wisageni's motion was based on the 2009 hotel bombings, and that he submitted evidence relating to the incidents, to Islamic extremism, and to problems encountered by minority populations in Indonesia. The BIA concluded that the proffered evidence "does not meaningfully reflect 'changed country' conditions in Indonesia sufficient to warrant the reopening of proceedings." A.R. at 3. In addition, the BIA rejected Wisageni's request that it consider Mufied v. Mukasey, 508 F.3d 88 (2d Cir. 2007), noting that Mufied was decided by the Second Circuit Court of Appeals, while this proceeding arises within the jurisdiction of the Third Circuit. Wisageni timely petitions for review of the order denying his motion to reopen.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a). Our review is for abuse of discretion, "mindful of the 'broad' deference that the Supreme Court would have us afford." Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (quotation marks omitted); see also Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004) ("As a general rule, motions to reopen are granted only under compelling circumstances."). An abuse of discretion arises only if the agency decision is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). This Court defers to BIA factual determinations "if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008) (quotation marks omitted).

A motion to reopen must be filed no later than ninety days after the date on which

3

the final administrative decision was rendered.  8 C.F.R. § 1003.2(c)(2).  Wisageni's motion plainly was beyond this time limit.  Nevertheless, he sought to invoke an exception by reapplying for asylum based on "changed circumstances" in Indonesia.  A motion to reopen filed under this exception must rely on evidence that "is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); see Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008).  As mentioned, the BIA held that Wisageni failed to show changed country conditions in Indonesia, and thus concluded that he failed to offer a sufficient basis to warrant reopening the proceedings.  We discern no abuse of discretion.

Wisageni relied principally upon newspaper accounts of bombings in 2009 at two hotels in Jakarta.  However, as those newspaper articles make clear, "Indonesia has experienced four major terrorist attacks this decade [i.e., in the 2000s]," three of which occurred prior to Wisageni's 2004 hearing before the IJ.  Indeed, the article submitted from *The Washington Post* reflects that the same Marriot Hotel that was bombed in 2009 was the subject of a previous bombing, allegedly by the same terrorist group, in 2003.  While Wisageni maintains that the 2009 bombings are evidence of "a new surge in radical Islam," his own evidence establishes that he could have raised a claim based on a fear "radical Islam" at the time of his 2004 hearing.  We conclude that substantial evidence supports the BIA's finding that evidence regarding the 2009 hotel bombings does not reflect a "change" in country conditions in Indonesia.

Wisageni also relies upon the State Department's 2008 Religious Freedom Report

4

as evidence of changed country conditions "with respect to the threat that radical Islamists pose to religious minorities." Opposition to Mtn. For Summary Affirmance at 4. This Report, however, does not show that conditions of religious persecution have changed since the 2004 hearing in such a manner as to compel reopening the removal proceeding. In addition, with respect to the scholarly journal article that Wisageni submitted, he concedes that "[t]he events that are described in the article predate Petitioner's [2004] hearing," Opposition to Mtn. For Summary Affirmance at 5, and thus that article, too, fails to reflect changed conditions.

Wisageni complains that the BIA failed to explain sufficiently its reasons for concluding that his evidence was insufficient to show changed conditions in Indonesia. See Opposition to Mtn. For Summary Affirmance at 6-9. While we agree that the BIA's analysis of the evidence could have been more detailed, we are satisfied that "the decision is nonetheless sufficiently detailed to allow for meaningful review." Wong, 539 F.3d at 231. The BIA accurately summarized Wisageni's evidence, and there is no indication that it overlooked or improperly discounted any of the evidence submitted in reaching its conclusion that a reopening of the proceedings was unwarranted.

Wisageni also sought to reopen so that the BIA could consider the Second Circuit's decision in Mufied, which Wisageni cited as support for the proposition that "there exists a pattern or practice of persecution against Christians in Indonesia." Motion

5

to Reopen at ¶ 14.[1]  The BIA did not err in refusing to consider <u>Mufied</u>, and it properly

cited instead to controlling precedent from this Court.  <u>See</u> <u>Wong</u>, 539 F.3d at 235

(finding no evidence of a pattern or practice of persecution against Chinese Christians in

Indonesia).  Moreover, the record is clear that Wisageni identifies himself as a Hindu, not

a Christian.  We cannot conclude that the BIA abused its discretion in refusing to address

Wisageni's vague assertion that the <u>Mufied</u> decision was somehow relevant to the claim

raised in his motion to reopen.

Finally, inasmuch as the BIA can be said to have declined to exercise its discretion

<u>sua</u> <u>sponte</u> to reopen the proceedings, we lack jurisdiction to review that determination.

<u>See</u> <u>Calle-Vujiles v. Ashcroft</u>, 320 F.3d 472, 475 (3d Cir. 2003).

III.

For the foregoing reasons, respondent's motion for "summary affirmance" is

granted, and, accordingly, we will deny the petition for review.  Wisageni's motion for a

stay of removal pending appeal is denied as moot.

---

[1] We note that, contrary to Wisageni's suggestion, the <u>Mufied</u> court did not find a pattern or practice of religious persecution in Indonesia; rather, it remanded the pattern or practice claim for the BIA to consider that issue in the first instance.  <u>See</u> 508 F.3d at 89.